Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Charlene Lucas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charlene Lucas,<br><br>           Plaintiff,<br><br>    vs.<br><br>Pinnacle Asset Group, L.L.C.; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.: 3:14-cv-00339<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ;***<br>**3. VIOLATION OF ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Charlene Lucas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Charlene Lucas (hereafter "Plaintiff"), is an adult individual residing in Napa, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Pinnacle Asset Group, L.L.C. ("Pinnacle"), is a New York business entity with an address of 3221 Southwestern Boulevard, Suite 305, Orchard Park, New York 14127, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Pinnacle and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Pinnacle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to HSBC Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Pinnacle for collection, or Pinnacle was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Pinnacle Engages in Harassment and Abusive Tactics

12. Within the last year, Pinnacle contacted Plaintiff in an attempt to collect the Debt, which was past the statute of limitations.

13. Pinnacle threatened to file a legal action against Plaintiff if the Debt was not paid immediately. Pinnacle had no legal authority or present ability to file a legal action against Plaintiff because the Debt was beyond the statute of limitations.

14. In fear of the threatened lawsuit, Plaintiff agreed to settle the Debt for the total of $744.00. Plaintiff provided Pinnacle with her bank account information and authorized a one-time withdrawal in the amount of $200.00 on November 29, 2013.

15. The payment to Pinnacle resulted in reviving the Debt so that it is no longer past the statute of limitations.

16. Approximately two weeks later, Pinnacle called Plaintiff in an effort to collect the remaining $544.00.

17. Plaintiff informed Pinnacle that she could not make an immediate payment and advised Pinnacle that she would call back as soon as she was ready to pay the remaining balance.

18. On December 23, 2013, Pinnacle withdrew $544.00 out of Plaintiff's bank account without Plaintiff's permission, leaving Plaintiff with no way to pay for her much needed pain relieving medications.

19. On January 2, 2014 Plaintiff called Pinnacle to object to the unauthorized charge and requested an immediate return of unauthorized withdrawal or at least some of it, so that she could pay for her medications. In response, Pinnacle stated that it was

"a done deal" and that no funds would be returned. This caused Plaintiff much worry and distress.

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23. The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

24. The Defendants threatened to take action without legal ability to do so or without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

25. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

31. Pinnacle Asset Group, L.L.C., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

32. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

33. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

34. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 *et seq.*

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

38. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

39. Defendant caused an electronic funds transfer to occur without having authorization to do so.

40. Defendants violated 15 U.S.C. § 1693a(12), which prohibits "unauthorized electronic fund transfer," by debiting Plaintiff's bank account without Plaintiff's actual authorization and without providing Plaintiff any benefit.

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the EFTA, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants, including each payment received by Defendant as a result of deceiving Plaintiff and thereby reviving the statute of limitations;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    F. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against the Defendants;

    G. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A) against the Defendants;

    H. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3) against the Defendants;

I. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

J. Punitive damages; and

K. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 23, 2014        TAMMY HUSSIN

By: ___/s/   *Tammy Hussin*___
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff Charlene Lucas